### EVANS v. WHITE.

(Supreme Court, Appellate Division, First Department. November 1, 1912.)

JUDGMENT (§ 143*)—DEFAULT—SETTING ASIDE.

> Where, when the trial of a cause was reached, the defendant's counsel, was actually engaged in the trial of another action, which had commenced the preceding afternoon, and no opportunity was afforded the defendant to procure other trial counsel, and his request to have the case held pending the completion of his counsel's engagement was denied, a default entered must be opened, and the judgment vacated.

> [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 269, 270, 272–291; Dec. Dig. § 143.*]

Appeal from Special Term, New York County.

Action by John H. Evans against John White. From an order denying a motion to open a default and set aside a judgment, defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

John V. Bouvier, Jr., of New York City, for appellant.

William H. Griffin, of New York City, for respondent.

PER CURIAM. It appears without dispute that, when the trial of this case was reached on the morning of June 18th, the counsel for defendant was actually engaged in the trial of another action, which had been commenced on the preceding afternoon. No opportunity was afforded the defendant to procure other trial counsel, nor should he have assumed, before the morning of the 18th, that his request to have the case held pending the completion of his trial counsel's engagement would have been denied. It is obvious that the default taken under these conditions must be opened, and the judgment taken thereunder vacated and set aside.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The order appealed from is therefore reversed, with $10 costs and disbursements, and the motion granted, the cause to be restored to the preferred calendar of the court for trial as soon as it can be reached.